C. A. LIPPINCOTT AND BROTHER, INCORPORATED, PLAINTIFF, v. FABIO MATAZZO, DEFENDANT.

Submitted January 31, 1930—Decided May 5, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *George B. Evans.*

For the defendant, *Palmer & Howell.*

PER CURIAM.

The plaintiff, a dealer in farm supplies and machinery, sued the defendant, a road contractor, to recover the amount due for a used tractor and back filler conditionally sold. It is unnecessary on this rule to consider that part of the case which concerned the count relating to goods and labor furnished at the defendant's instance and request or the law questions involved.

The conditional sales agreement is dated June 22d, 1928. Defendant gave a series of notes with maturities over a period of eighteen months. The first of the series was paid because the defendant did not have time to stop payments at the bank.

The trial judge submitted to the jury the question of whether the plaintiff's action was defeated by fraud and deceit in the negotiations of the sales agreement, and their finding is dispositive of this issue, if it is supported by the weight of evidence.

The testimony indicates that from the very first the operation of the tractor and scraper were unsatisfactory. The bearings burnt out, the gears would not shift, the thing had trouble in propelling itself and was quite useless to either push or pull. The means by which it was to be turned were insufficient and ineffective. When once it got in a hole or passed over a depression in the ground, the gears became disengaged and some other means must be at hand to propel the tractor.

There was testimony that before the sale the tractor was represented to be in A1 condition and as good as new. Further, plaintiff's representative called on the defendant before the purchase was made and was informed of the kind of work that the defendant desired the tractor to do. He tried one kind of a tractor and found that it was unsatisfactory and then was told that this tractor was just what he wanted

and would do just the sort of work needed. The defendant seems to have relied entirely upon the representations of the plaintiff's representative. The testimony, we believe, sufficient to support the verdict.

The defendant filed a counter-claim, and on this counter-claim a verdict of no cause of action was returned. It is argued that this circumstance indicates that the verdict in favor of the defendant on the plaintiff's suit is the result of prejudice. We do not think this follows. The right of the plaintiff to recover was one issue, and the right of the defendant was another. The jury might quite well have found that the plaintiff was guilty of fraud which barred his right of recovery but that the defendant's damage, by reason of the fraud, had not been sufficiently and clearly established for them to name a sum which the defendant might have by reason thereof. Consistent verdicts are never disturbed. *Sharabba* v. *McGuire*, 7 *N. J. Mis. R.* 128.

The rule will be discharged.